## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A. | § § § § | CIVIL ACTION NO. 6:12-cv-462 |
| Plaintiffs, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| DISTINCTIVE DEVELOPMENTS LTD., | § § § | |
| Defendant. | § § | |
| | § § | |
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A. | § § § | CIVIL ACTION NO. 6:12-cv-463 |
| Plaintiffs, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| ELECTRONIC ARTS INC. | § § | |
| Defendant. | § § | |
| | § § | |
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A. | § § § | CIVIL ACTION NO. 6:12-cv-466 |
| Plaintiffs, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| GAMELOFT S.E. | § § | |
| Defendant. | § § | |
| | § § | |
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A. | § § § | CIVIL ACTION NO. 6:12-cv-467 |
| Plaintiffs, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| HALFBRICK STUDIOS PTY LTD. | § | |

Defendant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

UNILOC USA, INC. and UNILOC
LUXEMBOURG S.A.

    Plaintiffs,

v.

LAMINAR RESEARCH, LLC

    Defendant.

CIVIL ACTION NO. 6:12-cv-468

**JURY TRIAL DEMANDED**

UNILOC USA, INC. and UNILOC
LUXEMBOURG S.A.

    Plaintiffs,

v.

MOJANG AB

    Defendant.

CIVIL ACTION NO. 6:12-cv-470

**JURY TRIAL DEMANDED**

UNILOC USA, INC. and UNILOC
LUXEMBOURG S.A.

    Plaintiffs,

v.

SQUARE ENIX, INC.

    Defendant.

CIVIL ACTION NO. 6:12-cv-472

**JURY TRIAL DEMANDED**

# DISCOVERY ORDER

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.**  Within thirty (30) days after the Scheduling Conference, and without awaiting a discovery request, each party[1] shall disclose to every other party the following information:

   A.  the correct names of the parties to the lawsuit;

   B   the name, address, and telephone number of any potential parties;

   C.  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a  brief, fair summary of the substance of the information known by such person;

   E.  any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

   F.  any settlement agreements relevant to the subject matter of this action;

   G.  any statement of any party to the litigation;

2. **Additional Disclosures.**  Each party shall provide to every other party the following information:

   A.  the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

   B.  to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[2], by the deadline set forth in the Court's Docket Control Order, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Court's Docket Control Order in connection with the disclosures required by the Patent Rules for the Eastern District of Texas.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy

---

1    Defendants Distinctive Developments, Electronic Arts, Gameloft, Half brick Studios, Laminar Research, Mojang, and Square Enix agree to be joined in this case up through and including the Claim Construction Hearing set for January 20, 2014, for the limited purpose of discovery and claim construction.

2    The Patent Rules are Appendix M to the Local Rules, which are available on the Court's website at www.txed.uscourts.gov.

disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

C.     within forty-five (45) days after the Scheduling Conference a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.   **Testifying Experts.**   Each side[3] is limited to two testifying expert witnesses on issues of validity.   Plaintiff is limited to two testifying expert witnesses on issues of infringement. Each Defendant (i.e., (1) Distinctive Developments, (2) Electronic Art, (3) Gameloft, (4) Halfbrick Studios, (5) Laminar Research, (6) Mojang, and (7) Square Enix) is limited to one testifying expert witness on issues of infringement.   Each party is limited to one testifying expert on issues of damages.   By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

A.     The expert's name, address, and telephone number;
B.     The subject matter on which the expert will testify;
C.     A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);
D.     If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;
E.     If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

(1)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
(2)     the expert's current resume and bibliography.

The parties agree that drafts of expert reports in this litigation and communications between counsel and any expert in this litigation shall be exempt from discovery.

4.     **Discovery Limitations.**   Discovery is limited in this cause to the disclosures described in Paragraphs 1 – 3 together with the following limitations:
A. Plaintiff and Defendants (i.e., (1) Distinctive Developments, (2) Electronic Art, (3) Gameloft, (4) Halfbrick Studios, (5) Laminar Research, (6) Mojang, and (7) Square Enix), may serve no more than 30 interrogatories, divided as follows: Plaintiff may serve up to 15 interrogatories collectively on the Defendants, and up to 15 additional individual interrogatories per Defendant.   The Defendants shall be allowed 20 collective interrogatories and 10 additional individual interrogatories per Defendant. Plaintiff and Defendants may serve 40 requests for admission, divided as follows: 20 individual requests for admission and 20 common requests for admission.   Instead of serving

---

3  See Section 4(D).

requests for admission for authentication and/or admissibility issues, the parties shall work together in good faith to agree on a stipulation as to authenticity of their own documents.

B. Plaintiffs are allowed no more than 50 hours of fact witness deposition time per Defendant, exclusive of expert witness depositions.  All Defendants are collectively allowed no more than 70 hours of fact witness deposition time for the Plaintiffs, which may be freely assigned among the defendants at their sole discretion, exclusive of expert witness depositions.

C. Time spent on third party depositions will not count against the time limits for party fact witness depositions outlined above.

D. "Side" means a party or a group of parties with a common interest.

E. The parties agree that modification of the limitations set forth herein may be made by agreed motion or for cause by any party.

F. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery.  In addition, all communications with, and all materials generated by, a testifying expert with respect to his work are exempt from discovery unless relied upon by the expert in forming his opinions.  However, the expert must produce his or her final report and all materials on which he or she relied.

5. **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

The parties also agree that privileged documents/communications created on or after the filing date of the Complaint do not need to be included on a privilege log.

6. **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

B.    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

C.    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7.    **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8.    **Exchange of Disclosures.**   If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9.    **Notification of the Court.**   The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10.    **Duty to Supplement.**   After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11.    **Requests for Production.**   Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.  The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12.    **Discovery Disputes.**   Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13.    **Discovery Conferences.**  <u>Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person</u>

or by telephone in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of the meeting.  Attendance by proxy is not permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14.   **No Excuses.**   A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15.   **Protective Orders.**   A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order."  A party may request that the Court issue the Protective Order.  However, a party may propose to modify the terms of the Protective Order for good cause.  The Court authorizes the parties to file any document that is subject to a protective order under seal.

16.   **Courtesy Paper Copies.**   Paper copies will not be accepted by this Court unless specifically requested.

17.   **Hearing Notebooks.**  With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested.  However, the Court may request hearing notebooks in specific instances.

**So ORDERED and SIGNED this 7th day of December, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**